

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG
F.#2010R00153

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 25, 2012

<u>By Hand Delivery and ECF</u>

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  United States v. Gaetano Gallo
     <u>Criminal Docket No. 11-30 (KAM)</u>

Dear Judge Matsumoto:

The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for June 11, 2012.  For the reasons set forth below, the government respectfully asks the Court to sentence the defendant within the advisory Guidelines range of 18 to 24 months.

I.   <u>Background</u>

On January 12, 2011, a grand jury in the Eastern District of New York returned an indictment charging the defendant, among numerous others, with four related counts of loansharking.  On July 20, 2011, the defendant pled guilty, pursuant to a plea agreement, to a conspiracy to use extortionate means to collect and attempt to collect extensions of credit (Count Twenty-six).  (Presentence Investigation Report ("PSR") ¶ 1.)

II.  <u>Discussion</u>

The government respectfully submits that, in this case, a sentence within the advisory Guidelines range is appropriate in light of all relevant factors, including the nature and characteristics of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to

provide just punishment, to afford adequate deterrence and to protect the public.

A.   Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005).  However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id.  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).  Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [a district court] may not presume that the Guidelines range is reasonable.  [A district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

B.   The Guidelines Range Is 18 to 24 Months

The Probation Department has determined that the adjusted offense level is 17, the defendant is in Criminal History Category I, and the advisory Guidelines sentencing range is 24 to 30 months.  (PSR ¶¶ 17-29, 58.)  The government agrees with this determination, except that the government is prepared to move for an additional two-level reduction for a global disposition, pursuant to U.S.S.G. § 5K2.0.  Therefore, the adjusted offense level is 15 and the advisory Guidelines sentencing range is 18 to 24 months.

C.   A Sentence Within the Guidelines Range Is
     Appropriate In This Case

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

1.    The Natures and Circumstances of the Offense

        La Cosa Nostra ("LCN") and the Colombo organized crime
family of LCN (the "Colombo crime family") are dangerous criminal
enterprises that use violence, including murder, to further their
interests.  (PSR ¶¶ 2-7.)  The defendant has been convicted of
extortionate collection of credit conspiracy, i.e., conspiring to
collect loansharking loans backed by the threat of violence.
This is a serious crime that warrants a serious punishment.  18
U.S.C. § 3553(a)(1).

        The defendant, together with others, assisted Colombo
crime family soldier Dino Saracino with Saracino's lucrative
loansharking business.  On multiple occasions in early 2008,
Gallo accompanied Saracino to collect loanshark payments and
otherwise assisted in the collection of Saracino's outstanding
loans.  When Dino Saracino was arrested in June 2008 and his
loansharking profits were placed in jeopardy, the defendant
played a significant part in identifying and locating Saracino's
loansharking customers.

2.    The Defendant's History and Characteristics

        The defendant has been an associate of the Colombo
crime family and LCN for several years.  In 2007, the defendant
became a close associate of Dino Saracino.  For a period of time
following Saracino's arrest, the defendant reported to Colombo
family soldier Anthony Russo.  He thereafter reported to a member
of the Gambino organized crime family of LCN.

        The defendant seeks a non-incarceratory sentence
primarily on the ground that he suffered a serious gunshot wound
in 1999.  The government does not dispute that the defendant was
seriously injured, but disagrees with the impact that the injury
had on Gallo's participation in the affairs of the Colombo crime
family and LCN.  Notably, Gallo participated in the affairs of
LCN both before and after his shooting.

        Finally, the government disputes counsel's
characterization of this conduct as "truly aberrational."  (Def.
Ltr. at 1).  To the contrary, Gallo devoted several years to the
goals of LCN and profited from his participation in, among other
crimes, a variety of gambling and loansharking ventures.
Furthermore, Gallo developed a reputation as an individual
willing and able to threaten and use force in order to further
the goals of LCN.

-3-

3.   Reflecting the Seriousness of the Offense,
     Promoting Respect for the Law and
     Providing Just Punishment

A sentencing within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and providing just punishment.  18 U.S.C. § 3553(a)(2)(A).  As noted above, the defendant's offense of conviction -- conspiring to use extortionate means to collect extensions of credit -- is a serious crime that is critical to the success of organized crime families and that merits a serious punishment.  A serious term of imprisonment is therefore necessary in order to serve these important purposes of sentencing.

4.   Affording Deterrence and Protecting the Public

A sentence within the advisory Guidelines range is necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(B) & (c).  "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence."  United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010).  Both considerations support the imposition of a serious term of imprisonment in this case.  A sentence within the advisory Guidelines range is necessary to deter others who are in a position to choose between a law-abiding life and a life of crime.

III. Conclusion

In this case, given all of the facts and circumstances discussed above, a sentence within the Guidelines range is necessary in order to achieve the purposes set forth in 18 U.S.C. § 3553(a).  Therefore, and for all of the foregoing reasons, the

-4-

government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 18 to 24 months.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____/s/_____
Elizabeth A. Geddes
Allon Lifshitz
Gina Parlovecchio
Assistant U.S. Attorneys

cc:  Clerk of the Court (KAM) (by ECF)
     Joel Winograd, Esq. (by ECF)
     Michelle Espinosa, U.S. Probation Officer (by email)